### JACKSON, *ex dem.* DOX, *against* JACKSON.

EJECTMENT. The cause was tried at the last *Ontario* Circuit, before his Honor, E. T. THROOP, C. Judge, and a verdict found for the plaintiff. Afterwards, a case being made and settled on the part of the defendant, for the pur-pose of moving for a new trial, he obtained of a commis-sioner to do the chamber duties of a Judge of the Supreme Court, an order that all further proceedings on the part of the plaintiff be stayed until the further order of this Court, though it appeared that Judge *Throop* was at home, and might have been applied to for the order.

The plaintiff's attorney treated this order as a nullity, and proceeded to sign judgment.

E. *Williams*, moved to set aside all the proceedings sub-sequent to the order. He said the acts (*sess.* 36, *ch.* 16, 1 R. L. 322, *and sess.* 41, *ch.* 195, *s.* 1,) give these com-missioners the same chamber powers with a Judge of this Court. To declare this order a nullity, would be to re-peal the act.

*Margin note:*

UTICA,
Aug. 1824.

Jackson
v.
Jackson.

An order to stay proceed-ings upon a case made for the purpose of obtaining a new trial, granted by a commissioner to perform the chamber du-ties of a judge of the su-preme court, is not a nulli-ty; but is va-lid till revok-ed by the commissioner or set aside by the court.

UTICA,
Aug. 1824.

Jackson
v.
Jackson.

*J. C. Spencer*, contra. The statute must be taken in reference to the settled practice, which has been understood for 20 years, to confine the power of making this order to the Judge who tried the cause. Even this Court will not hear the question whether such an order shall be granted until it has been denied by the Circuit Judge. (*Bach* v. *Coles*, 3 *Caines' Rep.* 83.) I do not mean to contend that there may not be cases of necessity in which a temporary stay may be granted by a commissioner ; but to interfere in this way, as a matter of course, is a palpable excess of jurisdiction. The statute is, in terms, broad enough to embrace orders for the allowance of classical studies to a clerk, yet the Court have reserved this exclusively to themselves, as a matter not fit to be delegated to commissioners. To say that any one of the 200 commissioners in the state may grant the order in question, and which is the same thing, if one refuses, you may appeal from him to another, will, in effect, be saying that no man shall have judgment in any case till the calendar of arguments is cleared.

*Williams*, in reply. If the order was improperly granted, the Court will strike the cause off the calendar or set the order aside ; and with costs too ; but it is one thing to say that it shall be set aside, and another that it shall be disregarded, and treated as a nullity. Here has been no applicaiton to the Court for any such purpose. Suppose one of your Honors had granted the order ; could counsel say " It is void, because you did not try the cause ?" The gentleman concedes all we ask, when he says a commissioner may grant the order from necessity. If the commissioner mistake the existence of this necessity, as if the Judge be at home when he was supposed to be absent, he should be asked to revoke his order, upon which it should come by way of appeal to this Court in the event of his refusal. As to orders of clerkship, this pertains to the admission of attorneys, which is the act of the Court ; not a mere chamber duty.

*Curia.* The chamber powers of a commissioner are, by the statute, made equal to those of a Judge of this Court.

The expediency of granting such a power is not in question. The commissioner may have acted indiscreetly ; but whether this be so or not, the party has mistaken his remedy. Should the commissioner refuse to revoke an order granted upon insufficient grounds, we might, on appeal, summarily review the matter, and revoke it ourselves. But the order cannot be treated as a nullity.